In the Matter of the Estate of J. John Hassett, Deceased. J. John Hassett, Jr., et al., Appellants; Jane H. Murray, as Coexecutrix of J. John Hassett, Deceased, Respondent.— This is an appeal from a decree of the Surrogate's Court of Chemung County, in a discovery proceeding brought under section 205 and tried under section 206 of the Surrogate's Court Act. The proceeding was brought by one executrix of three to recover property now of considerable value, withheld under an alleged *inter vivos* trust. The decree upholds a testamentary trust of decedent's estate as against an *inter vivos* trust which respondent contends disposed of a portion of his estate, consisting entirely of then worthless corporate stocks, during his lifetime. All parties concede that an oral trust of personal property may be legally made. They also agree that three of the four necessary elements of such a trust are present here. They agree that there was (1) a designated beneficiary; (2) designated trustees, and (3) a designated *res* (at that time of no value). The fourth and only question is whether the settlor intended to depart with present and immediate title and divest himself completely of ownership and control. No law is involved, the only question is determining the settlor's intention from all the surrounding circumstances. The Surrogate has recited in detail, in a thorough opinion, the unusual background of the family situation, and has decided that the testamentary trust for the testator's children prevails. The testamentary trust is substantially the same as the *inter vivos* trust if we consider the family situation at the time the will was made and at the time of testator's death. The question arises because about two years after the testator's death a daughter died without issue, and her share in the *inter vivos* trust would be distributed to her brothers and sisters, while under the testamentary disposition her share would continue to be held in trust for another life in being. We refer with approval to the opinion of the Surrogate for the detailed facts, and think that he correctly decided the matter. Decree unanimously affirmed, with costs to both parties, payable from the estate. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ. [1 Misc 2d 385.]